IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andre King, | ) | C/A No.: 1:14-91-JMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Andre King is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Petitioner's motion to stay [ECF No. 23] and Respondent's motion for summary judgment and return. [ECF Nos. 19, 20]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by June 26, 2014. [ECF No. 21]. After two extensions, Petitioner's response was due by August 28, 2014. [ECF Nos. 25, 30]. Petitioner failed to file a response, and the court issued an order on September 2, 2014, directing Petitioner to advise the court whether he wished to continue with his case and to file a response to Respondent's motion by September 16, 2014. [ECF No. 32]. Petitioner filed a response on September 2, 2014. [ECF No. 34].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Petitioner's motion to stay be denied and Respondent's motion for summary judgment be granted.

I.     Factual Background and Procedural Background

On July 8, 2005, Petitioner was working at Touch of Class nightclub in Orangeburg, South Carolina, when his ex-girlfriend, Monique Green, and her cousin, Matthew Jenkins, arrived at the club with some friends.   After Petitioner indicated that the group should leave the club, Green and the group left, only to return a short time later to again be told to leave by Petitioner. Thereafter, Petitioner went to his car and entered the club two minutes later, fatally shooting Jenkins and wounding Green. Petitioner left the nightclub and was arrested after a high-speed chase. Petitioner admitted to police that he shot Jenkins and Green. Approximately a year after the incident, Petitioner wrote an apology to Jenkins' family, acknowledging full responsibility.

Petitioner was indicted by the Orangeburg County grand jury during the September 2005 term of court for: (1) assault and battery with the intent to kill ("ABWIK") (2005-GS-38-1393) [ECF No. 20-8 at 42–43]; (2) possession of a weapon during commission of a violent crime (2005-GS-38-1394) [*id.* at 44–45]; and (3) murder (2005-GS-38-1395) [*id.* at 46–47].[1] Petitioner was represented by Michael R. Culler, Jr., Esq., and Andrew J. Brown, Esq., at a jury trial on September 10–13, 2007, before the Honorable R. Knox McMahon, Circuit Court Judge. [ECF No. 20-5 at 3 *et seq.*]. Petitioner was found guilty on all counts. [ECF No. 20-8 at 32–33]. Judge McMahon sentenced

---

[1] The indictments spell Petitioner's name as Andrae J. King. [ECF No. 20-8 at 42–47].

Petitioner to concurrent sentences of life without parole (LWOP) for murder, 20 years for ABWIK, and 5 years for possession of a weapon during the commission of a violent crime. [*Id.* at 39–40].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). [ECF No. 20-1]. On appeal, Petitioner was represented by Robert M. Dudek, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Attorney Dudek filed a merits brief raising the following issue:

> Whether the court erred by ruling appellant could be impeached with his conviction for being an accessory after the fact of armed robbery, since the unduly prejudicial effect of allowing this impeachment evidence outweighed its probative value under Rule 601(a)(1), SCRE, and Rule 403, SCRE, since the present case involved a shooting, and appellant being impeached with a crime involving an armed robbery had the connotation of the extreme danger involved in a prior gun crime that was unduly prejudicial, and misleading?

*Id.* at 4.

On April 26, 2010, the Court of Appeals filed an unpublished decision affirming the convictions. [ECF No. 20-3]. The remittitur was issued on May 12, 2010. [ECF No. 20-4].

On August 6, 2010, Petitioner filed an application for post-conviction relief ("PCR"), raising claims of ineffective assistance of counsel and of the denial of 6th and 14th Amendments. [ECF No 20-8 at 51–56]. Petitioner subsequently filed an amended PCR application, asserting claims of ineffective assistance of counsel and a due process violation concerning jury instructions. [*Id.* at 57–82].

On March 8, 2011, a PCR evidentiary hearing was held before the Honorable Edgar W. Dickson, Circuit Court Judge, at which Petitioner and his counsel, Charles Brooks, Esq.

appeared. [*Id.* at 88–114]. On July 18, 2011, Judge Dickson filed an order of dismissal. [*Id.* at 115–23].

Petitioner appealed from the denial of PCR and was represented by Appellate Defender Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Attorney Hudgins filed a petition for writ of certiorari in the South Carolina Supreme Court on May 23, 2012, raising the following issue: "Did the PCR judge err in refusing to find counsel ineffective for failing to object to the pre-*Belcher* jury charge in regard to the inference of malice from the use of a deadly weapon when the charge was a mandatory presumption rather than a permissive inference?" [ECF No. 20-9 at 3].

The South Carolina Supreme Court denied the petition on July 25, 2013. [ECF No. 20-11]. The remittitur was issued on August 13, 2013. [ECF No. 20-12]. Petitioner filed this petition for a writ of habeas corpus on January 7, 2014.[2] [ECF No. 1].

II.     Discussion

A.      Motion to Stay

On June 16, 2014, Petitioner filed a motion to stay asking the court to hold his habeas petition in abeyance to allow him the opportunity to exhaust his state court remedies on the issues presented in his habeas petition. [ECF No. 23]. In support of his motion, Petitioner argues that his appellate counsel did not raise his habeas grounds during

---

[2] The court received the petition on January 9, 2014, and docketed it on January 10, 2014. [ECF No. 1-2 at 1]. Because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on the envelope containing the petition reflects January 7, 2014, as the date the SCDC mailroom received the envelope. [ECF No. 1-2 at 1].

his PCR appeal, and that now that he is representing himself, he should be permitted to return to state court to pursue claims that his counsel did not. [*Id.* at 3–4].

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court stated that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. The Court further stated that "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

The undersigned finds that Petitioner is not entitled to a stay in this action. All of Petitioner's claims raised in his habeas petition have been exhausted for the purpose of federal habeas review. *See, e.g.*, S.C. Code Ann. § 17-27-45 (establishing one-year period of limitation on filing of PCR); S.C. Code Ann. §17-27-90 (providing that all grounds for relief available to an application under this chapter must be raised in his original, supplemental or amended Application); *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997) (noting that South Carolina requires all grounds for relief to be raised in the first PCR). Although Petitioner's claims are technically exhausted, they are procedurally barred from review in federal habeas. *See, e.g., Coleman v. Thompson*, 501 U.S. 722 (1991) (holding that issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

Petitioner has not shown good cause for his failure to properly exhaust his claims in state court and has not demonstrated that his claims are potentially meritorious. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) (finding that attorney error during appeals

5

from initial-review collateral proceedings does not constitute good cause for failure to exhaust initial collateral review claims). Accordingly, the undersigned recommends that Petitioner's motion to stay be denied.

B.    Federal Habeas Issues

Petitioner asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**    Whether the court erred by ruling appellant could be impeached with his prior conviction for being an accessory after the fact of armed robbery since the unduly prejudicial effect of allowing this impeachment evidence outweighed its probative value under Rule 601(a)(1) SCRE and Rule 403 SCRE.

**Ground Two:**    (a) Ineffective assistance of counsel (b) Denial of 6th Amendment (c) Denial of 14th Amendment: (A) For conceding petitioner's guilt in closing argument to the jury? (B) For failing to object to trial court's jury instruction that shifted the burden of proof in violation of due process? (C) For failing to object when the trial court failed to instruct the jury they could accept or reject the inference of malice from the use of a deadly weapon? (D) For failing to request a *King* instruction? (E) For failing to object to the court's jury instruction on self-defense that shifted the burden of proof in violation of due process?

**Ground Three:**    Whether PCR judge erred in refusing to find counsel ineffective for failing to object to jury charge in regard to the inference of malice from the use of a deadly weapon when the charge was a mandatory presumption rather than a permissive inference?

[ECF No. 1 at 5–8].

C.      Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.   At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.   *Id*. at 255.   However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

D.      Habeas Corpus Standard of Review

1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate, but related, theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before

8

the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing

that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d

700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.    Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of

the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility for fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

E.     Analysis

1.     Procedurally-Barred Grounds

Respondent argues that all of Petitioner's claims are procedurally barred or defaulted. [ECF No. 20 at 19–24]. In Ground One, Petitioner asserts that the trial court erred by ruling Petitioner could be impeached with his prior conviction under the South

14

Carolina Rules of Evidence. [ECF No. 1 at 5]. Because Ground One is a challenge to the application of state law, it is not cognizable in a federal habeas action. *See Estelle v. McGuire*, 502 U.S. at 67–68 ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' . . . Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).

In Grounds Two (A), (D), and (E), Petitioner argues that his trial counsel was ineffective for: conceding Petitioner's guilt in closing argument, failing to request a *King* instruction, and failing to object to the trial court's jury instruction on self-defense. [ECF No. 1 at 6–7]. Because Grounds Two (A), (D), and (E) were not raised in Petitioner's direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

In Ground Two (B), Petitioner alleges that his trial counsel was ineffective for failing to object to a jury instruction that shifted the burden of proof in violation of due process. [ECF No. 1 at 6]. Petitioner does not identify which jury instruction he is challenging, and therefore Ground Two (B) is impermissibly vague and fails to state a claim for relief. *See* Fed. R. Civ. P. 8(a)(2); Rule 2(c) of the Rules Governing 2254 and 2255 Cases (stating that a habeas petition must "state the facts supporting each ground");

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that although the court is required to liberally construe Petitioner's pleadings, it is not required to invent arguments or "conjure up questions never squarely presented").

Petitioner's Grounds Two (C) and Three address his trial counsel's failure to object to a jury instruction that did not inform the jury that they could accept or reject the inference of malice from Petitioner's use of a deadly weapon. [ECF No. 1 at 6, 8]. Liberally-construed, this issue was addressed in the PCR order and appeal, and is therefore preserved for federal habeas review. Accordingly the undersigned conducts a merits review of this claim.

### 2.     Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds One and Two (A), (B), (D), and (E). In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) (holding that neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that "prejudice" requires a petitioner to show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (holding that a fundamental miscarriage of justice occurs only in

extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or the defendant's efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these grounds. Petitioner had a trial, a direct appeal, a PCR hearing, and a PCR appeal in which to raise these issues.  However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues. To the extent that Petitioner argues his PCR appellate counsel was ineffective for not having raised other issues, the argument is insufficient to allege cause for procedural default or undue prejudice from an alleged constitutional violation. *See Martinez,* 132 S.Ct. at 1320.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During Petitioner's trial, the solicitor presented the facts recited in the Factual Background section above. Further, Petitioner acknowledged his guilt and responsibility in an apology letter to the victim's family. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, the procedural bars apply as to all his claims, aside from the one addressed below.

3.      Merits Review of Grounds Two (C) and Three

In Grounds Two (C) and Three, Petitioner claims that his trial counsel was ineffective for failing to object to an instruction that the jury could accept or reject the inference of malice from the use of a deadly weapon. [ECF No. 1 at 6, 8]. The trial court instructed the jury as follows:

> Malice may be inferred from conduct showing a total disregard for human life. Inferred malice may also arise when the deed is done with a deadly weapon. A deadly weapon is any article, instrument or substance which is likely to cause death or great bodily harm.
>
> Whether an instrument has been used as a deadly weapon depends on the facts and circumstances of each case. The following are examples of instruments which may be deadly weapons:
>
>> A pistol, a shotgun, a rifle, a dirk, a dagger, a knife, a slingshot, metal knuckles, razor, gasoline, a fire bomb, Molotov cocktail, lighter fluid. A gun may be a deadly weapon even if it is not operating.

[ECF No. 20-8 at 14–15].

At the PCR hearing, Petitioner alleged that trial counsel was ineffective for failing to object to the jury instruction that malice may be inferred from the use of a deadly weapon. *Id.* at 97. The PCR court found this allegation to be without merit, as follows:

Applicant asserts Counsel erred in failing to object to the solicitor's arguments and the court's jury charge on inference of malice from use of a deadly weapon. On October 12, 2009, the South Carolina Supreme Court held "a jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide." State v. Belcher. 385 S.C. 597, 600, 685 S.E.2d 802, 804 (2009). Applicant was tried on September 10–13, 2007, more than two years before the ruling in Belcher on October 12, 2009. Belcher "represents a clear break from our modern precedent" approving of the jury charge on inference of malice from use of a deadly weapon, expressly overruling some twenty-six (26) cases decided over the course of more than 100 years, ranging in date from 1894 to 2006. 385 S.C. at 612, 685 S.E.2d at 810. The charge given in Applicant's case was, at the time of his trial, the sanctioned charge on the law, and the solicitor's arguments reflected the same. Because the Belcher decision posed a clear break from long-established precedent some two years after Applicant's trial, Counsel was not unreasonable in failing to pose this objection. Gilmore v. State, 314 S.C. 453, 445 S.E.2d 454 (1994) (attorney is not required to be clairvoyant or anticipate changes in the law which were not in existence at time of trial) overruled on other grounds by Brightman v. State, 336 S.C. 348, 520 S.E.2d 614 (1999)).

This court further notes that evidence that would reduce, mitigate, excuse or justify the homicide was only presented as to Jenkins. There was evidence of both express and implied malice with regard to Jenkins. Applicant's statement and letter to Jenkins' family contrasted to his trial testimony, and no other evidence of self-defense was presented.[2] Therefore even had the implied malice arguments and charge not been given, it is unlikely that the outcome of trial would have been different. For all these reasons, I find Applicant has failed to carry his burden in this regard.

_____

[2] At PCR hearing, Counsel testified that an investigator was retained and efforts were made to procure evidence of any threat made by Jenkins or his reputation for violence. After extensive interviews, investigators were unsuccessful.

Id. at 121–23.

In his response, Petitioner argues that the rule announced in *Belcher* should be retroactively applied to his case and that he should be granted a new trial based on the

erroneous jury instruction. [ECF No. 34 at 15–20, 23].

Petitioner cannot satisfy the *Strickland* test. The court cannot find that there was a substantial likelihood that the result of Petitioner's trial would have been different had the trial court not given the jury charge on implied malice. In light of the evidence of Petitioner's guilt of murder, including the testimony of Green, Petitioner, bystanders at the night club, as well as Petitioner's statement to the police and his letter to Jenkins' parents, the PCR court reasonably found that the trial court's jury instruction did not affect the outcome of the trial under *Strickland*. Petitioner has failed to overcome the doubly-deferential standard of review accorded the state court's determination of this issue of ineffective assistance of counsel under *Harrington*. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on this claim, and the undersigned recommends that his petition be dismissed.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court deny Petitioner's motion to stay [ECF No. 23] and grant Respondent's motion for summary judgment [ECF No. 19].

IT IS SO RECOMMENDED.

December 9, 2014                          Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

20

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).