### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | | |
|---|---|---|
| Andre King, | ) | Civil Action No. 1:14-cv-00091-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Andre James King, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court on Petitioner's Motion to Alter/Amend Judgment (ECF No. 42) pursuant to Fed. R. Civ. P. 59(e) (the "Rule 59(e) motion") requesting that the court reexamine its Order of December 31, 2014 (the "December Order") (ECF No. 38), which adopted the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 36.) The Report recommended denying Petitioner's Motion to Hold in Abeyance (ECF No. 23) and granting Respondent Warden McFadden's Motion for Summary Judgment. (*See id*.) For the reasons stated below, the court **GRANTS** Petitioner's Rule 59(e) motion and **VACATES** the December Order (ECF No. 38) and respective Judgment (ECF No. 39).

### I.    JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which states that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

### II.    RELEVANT BACKGROUND TO PENDING MOTION

Petitioner filed the instant habeas petition (ECF No. 1) on January 7, 2014, and Respondent filed a Motion for Summary Judgment (ECF No. 19) on May 22, 2014. On

1

December 9, 2014, United States Magistrate Judge Shiva V. Hodges issued the Report recommending that the court grant summary judgment to Respondent and deny Petitioner's Motion to Hold in Abeyance.  (ECF No. 36.)  Pursuant to the Notice of Right to File Objections to Report and Recommendation attached to the Magistrate Judge's Report (ECF No. 36 at 21), Petitioner was notified that any objections to the Report "must be filed within fourteen (14) days of the date of service" or by December 29, 2014.  (*Id.*)  When objections had not been docketed in the record on December 31, 2014, the court issued the December Order adopting the Report.  (*See* ECF No. 38.)  On January 5, 2015, Petitioner's Objection to Magistrate's Report and Recommendation ("Objections") was received by the court and docketed into the record.  (*See* ECF No. 41.)  The envelope attached to Petitioner's Objections bore a "RECEIVED" stamp from the mailroom at Lieber Correctional Institution, which was dated as received on December 29, 2014.  (ECF No. 41-2 at 1.)

On January 26, 2015, Petitioner filed the pending Rule 59(e) motion asserting that he timely filed his Objections to the Report on December 29, 2014, when he placed the Objections "into the hands of the appropriate prison officials, *i.e.*, Mail Room personnel . . . ."  (ECF No. 42 at 5.)

### III.     LEGAL STANDARD AND ANALYSIS

*A.*     *Rule 59(e) Motions*

The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court.  *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."  *Robinson v. Wix Filtration*

2

*Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994).  It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e).  *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).

B.    *The Court's Review*

In his Rule 59(e) motion, Petitioner does not allege any intervening change in the controlling law nor does he offer new evidence.  Therefore, the court construes Petitioner's Rule 59(e) motion to allege that he has suffered a manifest injustice due to the court's failure to review his Objections in the context of the Report.

Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ."  *Campero USA Corp v. ADS Foodservice LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).  As an inmate, Petitioner benefits from the "prison mailbox rule."  *Houston v. Lack*, 487 U.S. 266, 270 (1988) ("[A] defendant incarcerated in a federal prison and acting without the aid of counsel files his notice of appeal in time, if he delivers such notice to prison authorities for forwarding to the clerk of the District Court.").

The envelope in which Petitioner's Objections were mailed reflects that it was deposited in the prison mailing system on December 29, 2014, the day the Objections were due. (*See* ECF No. 41-2 at 1.)  Under the holding in *Houston v. Lack*, Petitioner's Objections are considered timely filed.  Therefore, the court finds it would be a manifest injustice to grant Respondent summary judgment on Petitioner's claims without consideration of his timely filed Objections.

Accordingly, the court vacates the December Order (ECF No. 38) adopting the Magistrate Judge's Report and the resulting Judgment (ECF No. 39).

## IV.     CONCLUSION

For the foregoing reasons, the court **GRANTS** Petitioner's Motion to Alter/Amend Judgment (ECF No. 42) pursuant to Fed. R. Civ. P. 59(e).  The court hereby **VACATES** its December Order (ECF No. 38) and respective Judgment (ECF No. 39).  The court will review Petitioner's Objections (ECF No. 41) as they relate to the Magistrate Judge's Report (ECF No. 36) and will issue an appropriate order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 18, 2015
Columbia, South Carolina