# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Andre King, | ) | Civil Action No. 1:14-cv-00091-JMC |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden McFadden, | ) | |
| Respondent. | ) | |

Petitioner Andre James King, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

This matter is before the court on Petitioner's Motion to Hold in Abeyance (ECF No. 23) and Respondent Warden McFadden's Motion for Summary Judgment (ECF No. 19). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On December 9, 2014, the Magistrate Judge issued a Report and Recommendation (the "Report") (ECF No. 36) in which she recommended that the court deny Petitioner's Motion to Hold in Abeyance (ECF No. 23) and grant Respondent's Motion for Summary Judgment (ECF No. 19). Petitioner has filed an Objection to the Magistrate's Report and Recommendation (the "Objection"). (ECF No. 41.) For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19) and **DENIES** Petitioner's Motion to Hold in Abeyance (ECF No. 23).

## I.   JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

1

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 36 at 2–4.) The court concludes upon its own careful review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own. The court will only recite herein background facts pertinent to the analysis of the pending Motions.

Petitioner is currently in custody at the Lieber Correctional Institution ("Lieber") of the South Carolina Department of Corrections in Ridgeville, South Carolina. (ECF No. 1.) "Petitioner was indicted by the Orangeburg County Grand Jury during the September 2005 term of court for: (1) assault and battery with the intent to kill ("ABWIK") . . . ; (2) possession of a weapon during commission of a violent crime . . . ; and (3) murder . . . ." (ECF No. 36 at 2 (citing ECF No. 20-8 at 42–47).) "Petitioner was found guilty on all counts" (*id.* (citing ECF No. 20-8 at 32–33)) and sentenced "to concurrent sentences of life without parole for murder, 20 years for ABWIK, and 5 years for possession of a weapon during the commission of a violent crime." (*Id.* at 3 (citing ECF No. 20-8 at 39–40).) The South Carolina Court of Appeals affirmed Petitioner's sentences and convictions on April 26, 2010, and issued remittitur on May 12, 2010. (ECF Nos. 20-3, 20-4.)

On August 6, 2010, Petitioner filed an application for post-conviction relief ("PCR"), claiming ineffective assistance of counsel and denial of his Sixth and Fourteenth Amendment rights. (ECF 20-8 at 51–56.) After a PCR evidentiary hearing on March 8, 2011, the Honorable Edgar W. Dickson dismissed Petitioner's claim on July 18, 2011. (*Id.* at 115–123.) Petitioner then appealed the PCR court's decision to the Supreme Court of South Carolina on May 23, 2012, raising the issue: "Did the PCR judge err in refusing to find counsel ineffective for failing

to object to the pre-*Belcher* jury charge in regard to the inference of malice from the use of a deadly weapon when the charge was mandatory presumption rather than a permissive inference?" (ECF No. 20-9 at 3.) The South Carolina Supreme Court denied Petitioner's writ of certiorari on July 25, 2013 (ECF No. 20-11), and issued remittitur on August 13, 2013. (ECF No. 20-12.)

Petitioner filed the instant Petition for Writ of Habeas Corpus (ECF No.1) pursuant to 28 U.S.C. § 2254 on January 7, 2014, asserting the following grounds for relief:

> Ground 1: Whether the court erred by ruling appellant could be impeached with his prior conviction for being an accessory after the fact of armed robbery since the unduly prejudicial effect of allowing this impeachment evidence outweighed its probative value under Rule 601(a)(1) SCRE and Rule 403 SCRE.
>
> Ground 2: (a) Ineffective assistance of counsel (b) Denial of 6th Amendment (c) Denial of 14th Amendment: (A) For conceding petitioner's guilt in closing argument to the jury? (B) For failing to object to trial court's jury instruction that shifted the burden of proof in violation of due process? (C) For failing to object when the trial court failed to instruct the jury they could accept or reject the inference of malice from the use of a deadly weapon? (D) For failing to request a King instruction? (E) For failing to object to the court's jury instruction on self-defense that shifted the burden of proof in violation of due process?
>
> Ground 3: Whether PCR judge err[ed] in refusing to find counsel ineffective for failing to object to jury charge in regard to the inference of malice from the use of a deadly weapon when the charge was a mandatory presumption rather than a permissive inference?

(ECF No. 1 at 5–8.) Respondent filed a Motion for Summary Judgment (ECF No. 19) on May 22, 2014. On December 9, 2014, the Magistrate Judge issued the Report recommending that summary judgment be granted to Respondent. (ECF No. 36.) On January 5, 2015, Petitioner timely filed his Objection to the Report.[1] (ECF Nos. 41.)

---

[1] The court adjudicated the timeliness of Petitioner's Objection in an Order entered on August 18, 2015. (*See* ECF No. 44.)

3

### III.     LEGAL STANDARD

*A.     The Magistrate Judge's Report and Recommendation*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B.     Relief under 28 U.S.C. § 2254*

In almost all circumstances, petitioners seeking relief pursuant to 28 U.S.C. § 2254 must exhaust all available state court remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). Additionally, a court's review of a 28 U.S.C. § 2254 petition is limited by subsection (d) which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim– (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). A state court's decision

is contrary to clearly established federal law where it "applies a rule that contradicts the governing law set forth" by the Supreme Court of the United States or "confronts a set of facts that are materially indistinguishable from a decision of this [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. "The focus of federal court [habeas] review is on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998).

## IV.     ANALYSIS

*A.     The Report and Recommendation*

### 1.     Motion to Hold in Abeyance

In the Report, the Magistrate Judge first evaluated Petitioner's request that the court "hold his habeas petition in abeyance to allow him the opportunity to exhaust his state court remedies on the issues presented in his habeas petition." (ECF No. 36 at 4, 5 (citations omitted).) Upon her review, the Magistrate Judge observed that despite the presumption that Petitioner's claims are technically exhausted for the purpose of federal habeas review, they are procedurally barred. (*Id.* at 5 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991) (holding that issue not properly raised to the state's highest court, and procedurally impossible to raise there

now, is procedurally barred from review in federal habeas)).)  The Magistrate Judge further observed that Petitioner has failed to demonstrate either good cause for his unexhausted claims or that his claims are potentially meritorious.  (*Id.*)  Therefore, the Magistrate Judge concluded that she must recommend the denial of Petitioner's Motion to Hold in Abeyance.  (*Id.* at 6.)

### 2.    Motion for Summary Judgment

Upon her consideration of Respondent's assertion that all of Petitioner's claims are procedurally barred or defaulted (*see* ECF No. 20 at 19–24), the Magistrate Judge observed that (1) Petitioner's Ground $1^2$ was not cognizable in a federal habeas action because it challenged the application of state law; (2) Grounds 2A, 2D, and $2E^3$ were procedurally barred from habeas review because they were not presented to the South Carolina appellate courts; and (3) Ground $2B^4$ was impermissibly vague and failed to state a claim for relief.  (ECF No. 36 at 14–16.)  As to Grounds $2C^5$ and $3^6$, which were properly preserved for federal habeas review, the Magistrate Judge observed that Petitioner could not establish that (1) the trial court "misapplied clearly established federal law or, even if there was an error, that it was unreasonable" or (2) "there was

---

[2] In Ground 1, Petitioner asserts that he is entitled to habeas relief due to the trial court's error in ruling that Petitioner's testimony could be impeached by a prior conviction under Rule 403, SCRE and Rule 601(a)(1), SCRE.  (ECF No. 1 at 5.)

[3] In Grounds 2A, 2D, and 2E, Petitioner argues that his Sixth Amendment right to effective assistance of counsel had been infringed upon because of the following actions of counsel: "(A) for conceding Petitioner's guilt in closing argument to the jury? . . . (D) for failing to request a *King* instruction? (E) for failing to object to the court's jury instruction on self-defense that shifted the burden of proof in violation of due process?"  (ECF No. 1 at 6–7.).

[4] In Ground 2B, Petitioner asserts a Sixth Amendment claim of ineffective assistance of counsel alleging that his counsel "fail[ed] to object to trial court's jury instruction that shifted the burden of proof in violation of due process?"  (ECF No. 1 at 6.)

[5] In Ground 2C, Petitioner asserts that his trial counsel was ineffective for "failing to object when the trial court failed to instruct the jury they could accept or reject the inference of malice from the use of a deadly weapon?"  (ECF No. 1 at 6.)

[6] In Ground 3, Petitioner asserts that the PCR Judge erred in refusing to find counsel ineffective for failing to object to the jury instruction that the jury could accept or reject the inference of malice from the use of a deadly weapon when the charge was a mandatory presumption rather than a permissive one.  (ECF No. 1 at 6–8.)

6

a substantial likelihood that the result of Petitioner's trial would have been different had the trial court not given the jury charge on implied malice." (*Id.* at 20.) Based on the foregoing, the Magistrate Judge recommended granting Respondent's Motion for Summary Judgment.

B.     *Petitioner's Objection*

In his Objection, Petitioner solely focuses his arguments on trying to convince the court that *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009), establishes his claim for ineffective assistance of counsel under Ground 2C. In *Belcher*, the South Carolina Supreme Court held that "a jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide." *Belcher*, 685 S.E.2d at 803–04. Petitioner argues that "the instruction in *Belcher* [is] exactly like the one given in his trial." (ECF No. 41 at 12.) Petitioner further argues that *Belcher* should be retroactively applied to his benefit because his direct appeal was still "in the pipeline" when *Belcher* was decided, thus his convictions were "pending on direct review."[7] (*Id.* at 10 (citing *Harris v. State*, 543 S.E.2d 716, 717–18 (Ga. 2001) (defining "in the pipeline" as cases which are pending on direct review or not yet final)).) In this regard, Petitioner asserts that the court's failure to apply the *Belcher* decision to his situation would "strip the very foundation

---

[7] Petitioner also argues that he is entitled to relief under *Belcher* pursuant to *Teague v. Lane*, 489 U.S. 288 (1989). (ECF No. 41 at 7–8.) In *Teague*, the United States Supreme Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague*, 489 U.S. at 310. Under *Teague*, a new rule will only be applied to a case on collateral review if it falls into one of two exceptions. *Id.* at 311–13. The first exception provides "that a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* at 311 (citation omitted). The second exception provides "that a new rule should be applied retroactively if it requires the observance of 'those procedures that . . . are 'implicit in the concept of ordered liberty' and that are 'watershed rules of criminal procedure.'" *Id.* (citations omitted). Based on the foregoing, Petitioner argues that *Belcher* is a "watershed rule of criminal procedure which implicates the fundamental fairness and accuracy of the proceeding." (ECF No. 41 at 7.)

7

of the Fourteenth Amendment from protecting the rights of this Petitioner." (ECF No. 41 at 13.) Accordingly, Petitioner requests an evidentiary hearing or new trial and the denial of Respondent's Motion for Summary Judgment.

C.      *The Court's Review*

        1.      **Respondent's Motion for Summary Judgment**

In assessing the merit of Petitioner's Objection, the court notes that Petitioner's direct state court appeal was based upon an issue dealing with an evidentiary matter[8], not the jury instruction involving the implied malice instruction in *Belcher*. (*See* ECF No. 20-1 at 4.) In this regard, *Belcher* specifically limits retroactive application to state convictions that preserve the issue for review. *See Belcher*, 685 S.E.2d at 810 ("Because our decision represents a clear break from our modern precedent, today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved."). The court finds that Petitioner did not preserve the *Belcher* issue in his initial appeal to the South Carolina Court of Appeals, and, therefore, *Belcher* cannot be retroactively applied as Petitioner requests in his Objection. As a result of the forgoing, the court overrules Petitioner's Objection and grants Respondent's Motion for Summary Judgment as to Petitioner's Ground 2C.

As to the remaining grounds in the Petition, Petitioner did not offer any objection to the Magistrate Judge's recommendation. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed

---

[8] "Whether the court erred by ruling appellant could be impeached with his conviction for being an accessory after the fact of armed robbery, since the unduly prejudicial effect of allowing this impeachment evidence outweighed its probative value under Rule 601(a)(1), SCRE, and Rule 403, SCRE, since the present case involved a shooting, and appellant being impeached with a crime involving an armed robbery had the connotation of the extreme danger involved in a prior gun crime that was unduly prejudicial, and misleading?" (ECF No. 20-1 at 4.)

objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315.  Upon review, the court does not find clear error and agrees with the Magistrate Judge that Respondent is entitled to summary judgment on remaining Grounds 1, 2A, 2B, 2D, 2E, and 3.

### 2.     Petitioner's Motion to Hold and Abeyance

In his Objection, Petitioner did not specifically address the Magistrate Judge's recommendation to the court that it should deny the pending Motion to Hold in Abeyance.  To grant Petitioner's Motion to Hold in Abeyance, there must be "good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Furthermore, "even if a petitioner ha[s] good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  *Id.* (citation omitted).  Notwithstanding Petitioner's failure to object to the Magistrate Judge's recommendation, the court finds that the Motion to Hold in Abeyance should be denied because Petitioner does not have "good cause" as to why he failed to exhaust his claims in state court.

### V.     CONCLUSION

For the reasons set forth above, the court **GRANTS** Respondent Warden McFadden's Motion for Summary Judgment (ECF No. 19) and **DENIES** Petitioner Andre King's Motion to Hold in Abeyance (ECF No. 23).  In accordance with the aforementioned, Petitioner Andre King's Petition for a Writ of Habeas Corpus (ECF No. 1) is hereby **DENIED**.  The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 36) and incorporates it herein by reference.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 26, 2015
Columbia, South Carolina