# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Andre King, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 1:14-cv-00091-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Warden McFadden, | ) | **ORDER AND OPINION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the court for review is Petitioner Andre King's "Motion to Reopen the Petitioner['s] Time to File an Appeal" (ECF No. 51). Petitioner requests that the court reopen the time to file an appeal of this court's Order accepting the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 51 at 1.) The court **DENIES** Petitioner's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 26, 2015, the court accepted the Magistrate Judge's Report and granted Respondent Warden McFadden's ("Respondent") Motion for Summary Judgment (ECF No. 19), denied Petitioner's Motion to Hold in Abeyance (ECF No. 23), and denied Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (ECF No. 1). (ECF No. 48 at 9.) On that same day, the court mailed its Order accepting the Magistrate Judge's Report to Petitioner. (ECF No. 50.) On May 24, 2019, Petitioner filed the instant "Motion to Reopen the Petitioner['s] Time to File an Appeal." (ECF No. 51.) Petitioner asserts that on September 21, 2015—within thirty (30) days of this court's August 26, 2015 Order accepting the Magistrate Judge's December 9, 2014 Report—he "deposited [a] notice of appeal of [the court's August 26, 2015 Order] in the prison mailing system to the District Court of South Carolina." (ECF No. 51 at 2.) In support of his Motion, Petitioner provided the court with an affidavit in which he asserts that he received the

court's August 26, 2015 Order on September 9, 2015, and "on September 21, 2015[,] . . . handed [his] legal mail to the [L]ieber Correctional Institution Mail Room officials to be mailed to th[e] [c]ourt." (ECF No. 51-1 at 2.) Petitioner also states that "on November 17, 2016[,] [he] . . . sent th[e] [c]ourt a letter regarding [his] notice of appeal," but did not receive a response. (*Id.* at 2.) Petitioner provided the court with a copy of this November 17, 2016 letter, in which Petitioner "inquire[s] about the status of [his] appeal," asserts that he "deposited a Notice of Appeal in the institutional mailbox," "never received a response from the District Court or the Fourth Circuit Court of Appeals," and "made two (2) inquiries to the Office of the Clerk of Court in the interim with no response to either query," and "formally request[s] that the District Court reopen the time in which to file the Notice of Appeal." (ECF No. 51-2 at 1.) Petitioner further states in the letter that he attached a copy of the Notice of Appeal that he deposited in the Lieber Correctional Institution mailbox, but he did not submit a copy of that Notice of Appeal with the copy of the November 17, 2016 letter he filed with the instant Motion. (*See id.*)

## II. DISCUSSION

Although Petitioner titled his Motion as "Motion to Reopen [] Petitioner['s] Time to File an Appeal," and he requests that the court "reopen the . . . time to file an appeal to this court regarding his writ of habeas corpus," the court liberally construes Petitioner's Motion as a motion to accept his notice of appeal as timely. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Reopening the time to file an appeal is

2

governed by Federal Rule of Appellate Procedure 4(a)(6),[1] which does not appear anywhere in Petitioner's Motion. (*See* ECF No. 51.) Instead, Petitioner cites Federal Rule of Appellate Procedure 4(c)(1) and *Houston v. Lack*, 487 U.S. 266 (1988), arguing his Notice of Appeal was filed when he "handed [it] to prison officials to be mailed to this [c]ourt." (*Id.* at 3.) Federal Rule of Appellate Procedure 4(c) provides that

> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

---

[1] Under Rule 4(a)(6) of the Federal Rules of Appellate Procedure,

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The court notes that under Rule 4(a)(6), the district court can reopen the time to file an appeal in a civil case only if *all* the conditions of the Rule are met. *See* Fed. R. App. P. 4(a)(6) ("The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but *only if all the following conditions are satisfied* . . . ." (emphasis added)). The first of those conditions is "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A). Petitioner, by his own admission in the affidavit he submitted with the instant Motion, received the court's August 26, 2015 Order "at [L]ieber Correctional Institution on September 9, 2015," (ECF No. 51-1 at 1), which is within twenty-one (21) days of the Order's entry. *See id.* Therefore, because Petitioner received the court's August 26, 2015 Order within twenty-one (21) days of its entry, the court could not reopen the time for Petitioner to file an appeal of that Order under Rule 4(a)(6), as non-receipt of the order sought to be appealed is a necessary condition for reopening the time to file an appeal under Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6)(A).

3

(A) it is accompanied by:

(i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or

(ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

(B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i)

Fed. R. App. P. 4(c)(1)(A)–(B). And under *Houston v. Lack*, a pro se inmate is entitled to the benefit of the "prison mailbox rule," under which the court regards a pro se inmate's petition or motion as having been filed upon delivery to prison authorities for mailing to the court. 487 U.S. 266, 276 (1988). *See also United States v. McNeill*, 523 Fed. App'x 979, 981 (4th Cir. 2013) ("A pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" (quoting *Houston*, 487 U.S. at 275)). Therefore, the court construes Defendant's Motion as requesting that the court find Defendant filed a Notice of Appeal on September 21, 2015, when he claimed he "deposited [it] in the prison mailing system," and allow him to proceed with an appeal of the court's August 26, 2015 Order denying his Habeas Corpus Petition. (*Id.* at 2, 3.) *See Erickson*, 551 U.S. at 94.

The trouble here is that the court never received a Notice of Appeal from Petitioner, or any of the letters he claims to have sent inquiring about the status of his appeal. (*See* ECF Nos. 51, 51-1, 51-2.) In *United States v. McNeill*, confronted with a similar situation, the United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, determined that "where a prisoner claims to have submitted a legal document to prison mail authorities, but no document arrives or is filed at the district court," the district court must make factual findings "as to whether the legal documents in question were actually delivered to the prison mail system on time." 523

4

F. App'x at 982. The appellant in *McNeill* was mistakenly told by another inmate to file his 28 U.S.C. § 2255 petition with the district court in the district where the petitioner was incarcerated instead of with the the district court in the district where the petitioner was sentenced. *Id.* at 980. Appellant McNeill claimed "he filled out a standard . . . form to set out his claims for relief, and then hand delivered his petition with first-class postage to prison mailroom staff." *Id.* Later, McNeill conferred with another inmate, who told McNeill that he sent his petition to the wrong court. *Id.* Appellant McNeill wrote a letter to the district court where he had sent his petition, requesting confirmation that it had been filed, but received no response. *Id.* Appellant McNeill then sent a second letter to the court, to which he received a response informing him that his petition would be returned to him because it had been filed in the wrong court. *Id.* Appellant McNeill then filed a motion in the proper district court, the Eastern District of North Carolina, requesting that the court "accept his petition as timely filed along with a 'Sworn and Incorporated Memorandum of Law as Timely Filed' pursuant to 28 U.S.C. § 1746." *Id.* at 981. The court denied McNeill's motion, and denied his motion for reconsideration, finding "the prison mailbox rule did not apply because the envelope in question was not correctly addressed to the proper recipient." *Id.*

The Fourth Circuit began its analysis by recognizing that "McNeill's case presents a matter of first impression for the Fourth Circuit, but the disposition and reasoning of other circuits in similar cases is informative." *Id.* at 981. Specifically, the court considered the United States Court of Appeals for the Ninth Circuit's decision in *Huizar v. Carey*, 273 F.3d 1220 (9th Cir. 2001), and the United States Court of Appeals for the Eleventh Circuit's decision in *Allen v. Culliver*, 471 F.3d 1196 (11th Cir. 2006) (per curiam). *Id.* at 981–82. The Fourth Circuit held that when "a prisoner claims to have submitted a legal document

5

to prison mail authorities, but no document arrives or is filed at the district court," the district court must make "clear factual findings" that the prisoner did or did not submit the legal documents at issue. *See id.* at 982. Because the district court in *McNeill* did not make clear factual findings, the Fourth Circuit remanded the case to the district court with the following instructions:

> On remand, the district court must answer two narrow questions. First, the court must determine whether McNeill sent his petition on time. The petitioner's diligence after a timely submission of his petition is irrelevant. There is nothing in § 2255, nor any corresponding rule, requiring that a pro se litigant diligently monitor his petition after it has been submitted. Nor did the Supreme Court require diligence in *Houston*. The district court here should not consider petitioner's diligence in making its factual determinations. This inquiry is strictly limited to what transpired before June 21, 2011, when the statute of limitations for filing the petition ended.

*Id.* at 983. Accordingly, the court "must [first] determine whether [Petitioner] sent his [Notice of Appeal] on time." *Id.* at 983. *See also id.* at 982 ("*Huizar* and *Allen* illustrate the *fact-bound nature* of the inquiry where a prisoner claims to have submitted a legal document to prison mail authorities, but no document arrives or is filed at the district court." (emphasis added)); *Allen*, 471 F.3d at 1198 ("[I]t is clear from the district court's order that it did not actually find as a fact that Allen had delivered a notice of appeal to the prison authorities on March 28, 2004; rather, the district court merely assumed that fact. Accordingly, on remand, the district court may inquire further as to the actual facts concerning whether or not, and when, a notice of appeal was delivered to the prison authorities."). Based on the facts before the court, the court cannot conclude that Petitioner delivered a Notice of Appeal to the prison authorities on September 21, 2015. First, Petitioner has not provided the court with any documentation supporting his claim that he delivered a Notice of Appeal to the Lieber Correctional mail room on September 21, 2015. *See* Fed. R. App. P. 4(c)(1)(A) ("If an inmate files a notice of appeal in either a civil or a criminal case, the notice

6

is timely if it is deposited in the institution's internal mail system on or before the last day for filing and: (A) it is accompanied by: (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid."). This is particularly curious given that with the instant Motion, Petitioner provided the court with a copy of the November 17, 2016 letter he asserts he sent to the court inquiring about the status of his appeal. (*See* ECF No. 51-2.) In that letter, Petitioner stated that he attached a copy of the Notice of Appeal he sent on September 21, 2015, to the letter. (*See id.* at 1.) However, though Petitioner provided the court with a copy of the November 17, 2016 letter, he did not provide the court with a copy of the Notice of Appeal. Moreover, between January 10, 2014, when Petitioner filed his Habeas Petition with the court, and September 21, 2015, when Petitioner claims to have delivered his Notice of Appeal to prison officials, the court received eight (8) other filings from Petitioner, including some in which the prison mailbox rule was at issue.[2] (*See* ECF Nos. 23, 24, 27, 34, 35, 41, 42, 43.) These eight (8) other successful filings call into question Petitioner's claim in his affidavit that he delivered four (4) filings (a Notice of Appeal and three (3) letters) to the Lieber Correctional Institution mailroom that were never received by the court, because up until that point, it appears that every mailing Petitioner deposited in the

---

[2] On December 9, 2014, the Magistrate Judge issued a Report recommending that the court grant summary judgment to Respondent and deny Petitioner's Motion to hold his Habeas Petition in Abeyance. (ECF No. 36.) Because the court did not receive any objections by the December 29, 2014 deadline, the court adopted the Magistrate Judge's Report. (ECF No. 38.) On January 5, 2015, the court received from Petitioner objections to the Report. (ECF No. 41.) The envelope in which Petitioner's objections had been sent bore a "RECEIVED" stamp from the mailroom at Lieber Correctional Institution dated December 29, 2014. (ECF No. 41-2 at 1.) On January 26, 2015, Petitioner filed a Motion to Alter Judgment based on the prison mailbox rule, arguing his objections were timely filed under *Houston*. (ECF No. 42.) On August 18, 2015, the court agreed with Petitioner and granted his Motion to Alter Judgment. (ECF No. 44.)

Lieber Correctional Institutional mail room were received by the court. *See Westberry v. United States*, No. 4:10-CR-00093-RBH-1, 2013 WL 5914399, at *1 (D.S.C. Oct. 31, 2013) ("Conclusory allegations contained within affidavits do not require a hearing. 'Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" (citation omitted) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999))). Accordingly, as Petitioner has submitted no independent proof of the mailing of his Notice of Appeal, and the court received several other mailings from Petitioner prior to when Petitioner claims to have delivered his Notice of Appeal to prison officials, the court finds Petitioner did not deliver a Notice of Appeal on time, and must deny Petitioner's Motion. *See Roberts v. McKenzie*, No. AW-12-CV-2474, 2013 WL 3179102, at *4 (D. Md. June 20, 2013), *aff'd*, 566 F. App'x 226 (4th Cir. 2014) ("When a court does not receive a pleading within a reasonable time after the date upon which an inmate claims to have mailed it, it is appropriate to require independent proof of the mailing date, such as mail logs, prison trust fund records, or receipts for postage, before giving the inmate the benefit of the prison mailbox rule.").

### III. CONCLUSION

The court **DENIES** Petitioner's "Motion to Reopen the Petitioner['s] Time to File an Appeal" (ECF No. 51).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 31, 2019
Columbia, South Carolina