## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| Andre King, | ) | Civil Action No. 1:14-cv-00091-JMC |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Andre King filed the instant action against Respondent Warden McFadden seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

This matter is before the court on Petitioner's Motion to Alter and Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] (ECF No. 54.) Specifically, Petitioner seeks to alter and amend the court's May 31, 2019 Order (the "May Order") in which the court denied Petitioner's "Motion to Reopen the [] Time to File an Appeal." (ECF No. 52 (referencing ECF No. 51).) For the reasons set forth below, the court **DENIES** the Motion to Alter and Amend.

## I. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides

---

[1] The court observes that also pending is Petitioner's Motion to Correct the Clerical Error of the Court pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. (ECF No. 61.) In this Motion, Petitioner alleges that a clerical error exists on the court's electronic docket because his "Motion to Reopen the Petitioner['s] Time to File an Appeal" (ECF No. 51) was not docketed by that title. Instead, the Clerk of Court labeled the "Motion to Reopen" on the docket as a "Motion for Extension of Time to Appeal/Reopen the Petitioner's Time to File an Appeal and Notice of Address Change." (*Id.*) Rule 60(a) allows the court to "correct a clerical mistake or a mistake . . . found in . . . the record." Fed. R. Civ. P. 60(a). Upon its review, the court observes that Petitioner has not established any basis for a finding that the docket title chosen by the Clerk is a clerical error. Moreover, docket titles for motions do not have any legal force or effect and the granting of Petitioner's Motion would have little practical significance. Therefore, Petitioner's Motion to Correct the Clerical Error of the Court (ECF No. 61) is **DENIED**.

that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States. *Id.*

## II. LEGAL STANDARD AND ANALYSIS

In the May Order, the court made the following observations in denying Petitioner's Motion to Reopen the Time to File an Appeal:

> Although Petitioner titled his Motion as "Motion to Reopen [] Petitioner['s] Time to File an Appeal," and he requests that the court "reopen the . . . time to file an appeal to this court regarding his writ of habeas corpus," the court liberally construes Petitioner's Motion as a motion to accept his notice of appeal as timely. . . . Reopening the time to file an appeal is governed by Federal Rule of Appellate Procedure 4(a)(6), which does not appear anywhere in Petitioner's Motion. (*See* ECF No. 51.) Instead, Petitioner cites Federal Rule of Appellate Procedure 4(c)(1) and *Houston v. Lack*, 487 U.S. 266 (1988), arguing his Notice of Appeal was filed when he "handed [it] to prison officials to be mailed to this [c]ourt."
>
> . . .
>
> The trouble here is that the court never received a Notice of Appeal from Petitioner, or any of the letters he claims to have sent inquiring about the status of his appeal. (*See* ECF Nos. 51, 51-1, 51-2.)
>
> . . .
>
> Based on the facts before the court, the court cannot conclude that Petitioner delivered a Notice of Appeal to the prison authorities on September 21, 2015. First, Petitioner has not provided the court with any documentation supporting his claim that he delivered a Notice of Appeal to the Lieber Correctional mail room on September 21, 2015. *See* Fed. R. App. P. 4(c)(1)(A) ("If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and: (A) it is accompanied by: (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid."). This is particularly curious given that with the instant Motion, Petitioner provided the court with a copy of the November 17, 2016 letter he asserts he sent to the court inquiring about the status of his appeal. (*See* ECF No. 51-2.) In that letter, Petitioner stated that he attached a copy of the Notice of Appeal he sent on September 21, 2015, to the letter. (*See id.* at 1.) However, though Petitioner provided the court with a copy of the November 17, 2016 letter,

he did not provide the court with a copy of the Notice of Appeal. Moreover, between January 10, 2014, when Petitioner filed his Habeas Petition with the court, and September 21, 2015, when Petitioner claims to have delivered his Notice of Appeal to prison officials, the court received eight (8) other filings from Petitioner, including some in which the prison mailbox rule was at issue. (*See* ECF Nos. 23, 24, 27, 34, 35, 41, 42, 43.) These eight (8) other successful filings call into question Petitioner's claim in his affidavit that he delivered four (4) filings (a Notice of Appeal and three (3) letters) to the Lieber Correctional Institution mailroom that were never received by the court, because up until that point, it appears that every mailing Petitioner deposited in the Lieber Correctional Institutional mail room were received by the court. *See Westberry v. United States*, No. 4:10-CR-00093-RBH-1, 2013 WL 5914399, at *1 (D.S.C. Oct. 31, 2013) ("Conclusory allegations contained within affidavits do not require a hearing. 'Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" (citation omitted) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999))). Accordingly, as Petitioner has submitted no independent proof of the mailing of his Notice of Appeal, and the court received several other mailings from Petitioner prior to when Petitioner claims to have delivered his Notice of Appeal to prison officials, the court finds Petitioner did not deliver a Notice of Appeal on time, and must deny Petitioner's Motion. *See Roberts v. McKenzie*, No. AW-12-CV-2474, 2013 WL 3179102, at *4 (D. Md. June 20, 2013), aff'd, 566 F. App'x 226 (4th Cir. 2014) ("When a court does not receive a pleading within a reasonable time after the date upon which an inmate claims to have mailed it, it is appropriate to require independent proof of the mailing date, such as mail logs, prison trust fund records, or receipts for postage, before giving the inmate the benefit of the prison mailbox rule.").

(ECF No. 52 at 2–4, 6–8.)  Petitioner seeks to alter and amend the foregoing pursuant to Rule 59.

A. <u>Applicable Standard under Rule 59(e)</u>

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501

F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

B.  Petitioner's Arguments

In his Motion, Petitioner argues that the court should reconsider the May Order because it results in the commission of either a clear error of law or a manifest injustice to him. (ECF No. 54 at 8.) In support of his argument, Petitioner asserts that he timely submitted his Notice of Appeal based on the language in Rule 4(c) of the Federal Rules of Appellate Procedure.[2] (ECF No. 54 at 3.) Moreover, Petitioner asserts that Appellate Rule 4(c) protects him because "in his Affidavit to this [c]ourt the petitioner specifically had informed this [c]ourt that on September 21, 2015 he handed his [N]otice of Appeal regarding his habeas corpus to [L]ieber C.I. prison officials." (ECF No. 54 at 3.) Based on the foregoing, Petitioner contends that by not granting his right to appeal when he handed his notice to prison officials, the court committed error and/or

---

[2] Rule 4(c) of the Federal Rules of Appellate Procedure provides:

> If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and: (A) it is accompanied by: (i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

Fed. R. App. P. 4(c).

manifest injustice by (1) disregarding the requirements of Appellate Rule 4(c) and the precedent set forth in *Houston v. Lack*, 487 U.S. 266 (1988) and *United States v. McNeill*, 523 F. App'x 979 (4th Cir. 2013); and (2) not holding "an evidentiary hearing regarding when the [P]etitioner had deposited his [N]otice of Appeal to prison officials." (ECF No. 54 at 5–8.)

C.  The Court's Review

Petitioner is seeking to alter and amend the May Order on the basis that the court's decision was either a clear error of law or resulted in a manifest injustice to Petitioner. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

Upon review of the instant Motion, the court observes that Petitioner's arguments add very little new substantive argument to what he has already presented on the aforementioned issues. (*See, e.g.*, ECF Nos. 51, 51-1, 51-2, 54, 54-1, & 54-2.) A Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased

5

with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). In the May Order (ECF No. 52), the court cited to appropriate substantive case law and provided specific reasoning to support its decision to find that Petitioner did not deliver a Notice of Appeal on time. The May Order expressly explains why (1) Petitioner's Affidavit lacks credibility, (2) an evidentiary hearing is unnecessary, and (3) Appellate Rule 4(c) is inapplicable based on the record before the court. (*See* ECF No. 52 at 6–8.) As a result, the court is not persuaded that entry of the May Order resulted in the commission of either clear error of law or manifest injustice. Accordingly, the court must deny Petitioner's Motion to Alter and Amend Judgment.

### III. CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Petitioner Andre King's Motion to Alter and Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 54.)

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

December 9, 2019
Columbia, South Carolina